ROYAL INDEMNITY COMPANY, a Corporation, Appellant, v. Rhea ABRAMS, Appellee.

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

Rehearing Denied January 28, 1930.

No. 5825.

Ford & Johnson, of San Francisco, Cal., and F. A. Cutler, of Burlingame, Cal., for appellant.

Joseph A. Brown, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In all respects this case is like Royal Indemnity Company v. Morris (No. 5824) 37 F.(2d) 90, and by stipulation it is ruled by our decision in that case.

Accordingly, the judgment will be reversed, with directions to take further proceedings not inconsistent with the views therein expressed.

ROYAL INDEMNITY COMPANY, a Corporation, Appellant, v. Anna CARROLL, Appellee.

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

Rehearing Denied January 28, 1930.

No. 5826.

Ford & Johnson, of San Francisco, Cal., and F. A. Cutler, of Burlingame, Cal., for appellant.

Joseph A. Brown, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In all respects this case is like Royal Indemnity Company v. Morris (No. 5824) 37 F.(2d) 90, and by stipulation it is ruled by our decision in that case.

Accordingly, the judgment will be reversed, with directions to take further proceedings not inconsistent with the views therein expressed.

HOFFMAN v. WHEAT et al.

In re ADAIR & SENTER, Inc.

Circuit Court of Appeals, Fifth Circuit.
January 13, 1930.

No. 5568.

Winfield P. Jones and Edgar Watkins, both of Atlanta, Ga., and H. C. Tillman, of Tampa, Fla. (John B. Sutton, of Tampa, Fla., on the brief), for appellant.

Daniel MacDougald and Haines H. Hargrett, both of Atlanta, Ga., and John C. Cooper, Jr., of Jacksonville, Fla. (Spalding, MacDougald & Sibley, of Atlanta, Ga., and Cooper, Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was a suit to foreclose a mortgage on a part of a city lot in Sarasota, Fla., on which there was also a lien for labor and materials furnished by a contractor in the erection of a building. The final decree of foreclosure allowed both liens, but adjudged the lien of the mortgage to be superior to that of the contractor. This appeal is taken by the trustee in bankruptcy of the contractor, on the ground that the lien for labor and materials is superior to the lien of the mortgage.

The contractor, Adair & Senter, Inc., being the owner of the land involved, made an offer to certain directors and stockholders of the American National Bank of Sarasota to sell it for $120,000 cash to a corporation to be organized by them, and to erect an office building on it. That offer was accepted. A